## CIRCUIT COURT OF FAIRFAX COUNTY

OMNI Construction, Inc.

v.

Fairfax Square
Associates II et al.

October 3, 1991

Case No. (Law) 101728

By JUDGE MARCUS D. WILLIAMS

This matter came before the Court on the Plaintiff-Counter Defendant OMNI Construction, Inc.'s ("OMNI") demurrer against Count I of Roubin & Janeiro, Inc.'s ("RJI") Counterclaim.

RJI claims entitlement to damages for *quantum meruit* although there is an express agreement between OMNI and RJI. RJI asserts that by virtue of OMNI's material breach of contract, that it can elect to sue either for damages or to obtain recovery in *quantum meruit* for the reasonable value of additional work performed by RJI. In support of its theory, RJI cites *Peter Kiewit Sons' Co. v. Summit Construction Co.*, 422 F.2d 242 (8th Cir. 1969), which held that a prime contractor's required changes to the scope of work amounted to a breach of contract that relieved the subcontractor of its obligations and which entitled the subcontractor to *quantum meruit* recovery.

However, the circumstances in *Kiewit* are distinguishable from the subcontract here. In *Kiewit*, the subcontractor abandoned the contract, then sued for *quantum meruit*. Under South Dakota law, a party prevented from *full performance* can sue either for breach of contract or *quantum meruit*. However if the party is seeking *quantum meruit*, then the party must have terminated the contract. 422 F.2d at 260.

Unlike the circumstances in *Kiewit*, RJI has not alleged abandonment or termination of the contract.

RJI also cites *County of Campbell v. Howard*, 133 Va. 19 (1922), to support the contention that *quantum meruit* is appropriate. Again, the contract in *Campbell* is substantially different from that in the instant case. In *Campbell*, the contract was silent as to the amount of compensation to be paid for the attorneys' services. *Id.* at 25, 51. At best, there was confusion over which of two contracts controlled. *Id.* at 26. Additionally, there was no mechanism providing for the resolution of disputes, nor for payment of additional compensation.

In contrast to the *Campbell* contract, the sole contract between OMNI and RJI contains broad provisions for changes in the scope of work, delays, or any dispute under the contract. Paragraphs 8, 9, and 11, are sufficiently broad so as to address the changes that RJI alleges to have occurred, or for claims it is asserting. Where there is an express contract which governs the rights of the parties, the law will not imply a contract. *See Royer v. Board of County Supervisors of Albemarle County*, 176 Va. 268, 10 S.E.2d 876, 881 (1940). The parties' contract provides for the means to settle disputes, changes, and other matters at issue here. Therefore, RJI cannot ignore the contract and sue for *quantum meruit*.

For the foregoing reasons, the demurrer to Count I of the Counterclaim is sustained.